# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM P. COLEMAN,<br><br>             Petitioner,<br><br>     v.<br><br>B. CURRY, Warden<br><br>             Respondent. | 1:09-cv-00546-AWI-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS THE INSTANT PETITION<br><br>[Doc. 17] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

On January 12, 1999, Petitioner was convicted of two counts of rape, one count of oral copulation, and one count of kidnapping. Petitioner was sentenced to an indeterminate state prison term of life, with no parole eligibility for 25 years. (Lodged Doc. Nos. 1-2.)

Petitioner appealed the conviction and judgment. On January 22, 2001, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. (Lodged Doc. No. 2.) The California Supreme Court denied review on March 28, 2001. (Lodged Docs. 3-4.)

Petitioner filed several post-conviction collateral challenges. (See Respondent's Motion, at 2-3.)

Petitioner filed a prior federal petition for writ of habeas corpus challenging the same conviction as the instant petition on May 28, 2003, in case number 1:03-cv-05780-DLB (HC).

The prior petition was denied on the merits on September 13, 2005, and was affirmed by the Ninth Circuit Court of Appeals on November 15, 2007.

Petitioner filed the instant petition on March 18, 2009. (Court Doc. 1.) Respondent filed a motion to dismiss on July 7, 2009 and moves to dismiss this petition on the grounds that it is successive and untimely. Petitioner filed an opposition on July 22, 2009, and Respondent filed a reply on August 6, 2009. (Court Docs. 18, 20.) Because the court finds merit in Respondent's first contention, it finds it unnecessary to reach the second.

## DISCUSSION

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v.

1   United States, 96 F.3d 990, 991 (7th Cir. 1996).

2       A second or successive petition for habeas corpus is not considered "successive" if the
3   initial habeas petition was dismissed for a technical or procedural reason versus on the merits.
4   See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not
5   successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v.
6   Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the
7   claim raised in the first petition was dismissed by the district court as premature.)

8       In his opposition, Petitioner argues that the "instant matter was submitted under Federal
9   Rules of Civil Procedure 60(b)(4)(5)(6) demonstrating a void judgment." (Opposition, at 2.)
10  Petitioner further states that this Court "decided to convert this filing into a petition for writ of
11  habeas corpus." (Id. at 3.)  The prior petition in 1:03-cv-05780-DLB (HC) was denied on the
12  merits and was affirmed on appeal.  Therefore, because the prior petition was adjudicated "on the
13  merits", the instant petition is a "second or successive petition" under § 2244(b).  Now over three
14  years later, Petitioner claims that the instant action was filed under Rule 60(b) of the Federal
15  Rules of Civil Procedure.

16      Rule 60(c)(1) of the Federal Rules of Civil Procedure states that a motion under Rule
17  60(b) must be made within a reasonable time.  The Court entered judgment in Coleman v. Butler,
18  No. 1:03-cv-05780-DLB, on September 13, 2005.  Petitioner delayed over three years before
19  attempting to file the alleged motion under Rule 60(b).  Such delay was unreasonable.

20      The determination of whether a motion was filed in a reasonable time is dependent on the
21  facts and circumstances of each case.  Ashford v. Stewart, 657 F.2d 1053, 1055 (9th Cir. 1981).
22  Despite Petitioner's claim that he sought to file the current action under Rule 60(b), and it was
23  the Court that converted the filing into a petition for writ of habeas corpus, Petitioner made no
24  attempt to clarify and correct the Court that he was attempting to proceed under Rule 60(b) in the
25  previous case, Coleman v. Butler, No. 1:03-cv-05780-DLB.  Petitioner waited until Respondent
26  filed the instant motion to dismiss to assert that the petition filed on March 23, 2009, is a Rule
27  60(b) motion.  In addition, although the petition made reference to Rule 60(b), Petitioner did not
28  mention or reference his previous case, No. 1:03-cv-05780-DLB.  Rather, Petitioner makes

3

reference to several filings in the state courts, which were likewise construed as a petition for writ of habeas corpus.  Thus, Petitioner's alleged motion under Rule 60(b) was not filed in a reasonable time.

In any event, Petitioner's motion is not properly filed under Rule 60(b).  Petitioner seeks relief under Rule 60(b) on the ground that the judgment is void.  A judgment is void under Rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."  Otte v. Mfrs. Hanover Commercial Corp. (In re Texlon Corp.), 596 F.2d 1092, 1099 (2d Cir. 1979) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2862 at 198 (1973)).  Petitioner's motion is beyond the scope of Rule 60(b).

A rule 60(b) motion may be filed in a habeas corpus action and provide a basis to reopen a habeas proceeding.  Gonzalez v. Crosby, 545 U.S. 524, 534 (2005).  However, a Rule 60(b) motion and a habeas petition serve different objectives.  Rodriguez v. Mitchell, 252 F.3d 191, 198 (2d Cir. 2004).  Relief under Rule 60(b) is available only when the motion attacks the integrity of the previous habeas corpus proceedings and not the underlying criminal conviction.  Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004).  A Rule 60(b) motion that attacks the underlying conviction may be either (1) treated as a second or successive habeas petition or (2) denied as beyond the scope of Rule 60(b).  Harris, 367 F.3d at 82.

Petitioner's motion is based on the arguments that "the judgments of convictions are 'void' ab initio as double jeopardy occurred in his trial, all elements that support the convictions under counts one, two, and four were not met, the jury did not receive any guidance on how the One Strike Law was to be activated or applied, and mandatory findings and requirements under the One Strike Law were improperly applied."  (Opposition, at 4-5.)  It is obvious that Petitioner is attempting to attack his underlying criminal conviction.  Petitioner makes no showing that the prior habeas proceeding was in any way procedurally flawed, and his motion is beyond the scope of Rule 60(b).  Accordingly, even if Petitioner's motion is construed under Rule 60(b) it must be denied.

In addition, Petitioner makes no showing that he has obtained prior leave from the Ninth

Circuit to file his successive petition attacking the conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under § 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3).

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Respondent's motion to dismiss the instant petition without prejudice as successive be GRANTED.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 12, 2009**            /s/ **Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE